IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK JACOBS             :           CIVIL ACTION
                             :
     v.                  :
                             :
CITY OF PHILADELPHIA, et al.  :        NO. 21-3428

MEMORANDUM

Bartle, J.                         March 6, 2023

       Plaintiff Derrick Jacobs, acting pro se, brings a second action related to his reporting of alleged prosecutorial misconduct by the Philadelphia District Attorney's Office. Plaintiff's first suit is currently proceeding through discovery. Before the court is the motion of defendants[1] to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that his claims are duplicative of his previous suit or barred by claim preclusion.

I

       When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in

---

1.   Defendants are City of Philadelphia, Philadelphia Police Department, Philadelphia District Attorney's Office, Philadelphia District Attorney Lawrence Krasner, Philadelphia Assistant District Attorney Tracey Tripp, and various members of the Philadelphia Police Department: Commissioner Danielle Outlaw, Deputy Commissioner Christine Coulter, Deputy Commissioner Benjamin Naish, Chief Inspector Dennis Wilson, Inspector D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick Quinn.

plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The factual allegations in the complaint must be sufficient to raise a right to relief beyond mere speculation such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The court is generally limited to allegations set forth in the pleadings, and a plaintiff cannot use his opposition brief to amend his complaint.[2]  See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).  Our Court of Appeals explained that it is proper to consider "matters incorporated by reference or integral to the

---

2.  Plaintiff included additional facts and new exhibits in his brief in opposition to this motion.  However, the court will only consider the facts stated in plaintiff's complaint.

claim, items subject to judicial notice, matters of public
record, orders, [and] items appearing in the record of the
case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d
Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller,
Federal Practice and Procedure § 1357 (3d ed. 2004)); Pension
Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d
1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright &
Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.
1990)).

II

On October 4, 2019, plaintiff filed his first action
against the City of Philadelphia, the Philadelphia District
Attorney's Office, District Attorney Lawrence Krasner, and
Assistant District Attorney Tracey Tripp alleging that they
initiated a criminal investigation against him to prevent him
from reporting prosecutorial misconduct.  Shortly thereafter, on
November 8, 2019, he amended his complaint for the first time.
Plaintiff alleged several violations of 42 U.S.C. § 1983: (1)
deprivation of rights; (2) malicious prosecution; (3)
defamation; (4) racial discrimination; (5) first amendment
retaliation; and (6) conspiracy.  He also sued defendants for a
false declaration under 18 U.S.C. § 1623.  Finally, he pleaded a
violation of the Pennsylvania Whistleblower Law under 43 P.S.
§ 1423 and official oppression under 18 Pa. C.S. § 5301.

-3-

On April 9, 2020, the court granted defendants' motion
to dismiss all of plaintiff's claims except for his Pennsylvania
Whistleblower Law claim, over which the court declined to
exercise supplemental jurisdiction.  See Jacobs v. City of
Philadelphia, No. CV 19-4616, 2020 WL 1822230, at *7 (E.D. Pa.
Apr. 9, 2020).  Our Court of Appeals affirmed the dismissal of
four of plaintiff's claims under 42 U.S.C. § 1983:  (1)
deprivation of rights; (2) malicious prosecution; (3)
defamation; (4) racial discrimination.  See Jacobs v. City of
Philadelphia, 836 F. App'x 120, 122-23 (3d Cir. 2020).  The
Court also affirmed the dismissal of plaintiff's claims of false
declaration under 18 U.S.C. § 1623 and official oppression under
18 Pa. C.S. § 5301.  Id.  However, the Court vacated the
dismissal of plaintiff's First Amendment retaliation,
conspiracy, and Whistleblower Law claims and remanded them for
further consideration.  Id.

After this remand, plaintiff filed his second amended
complaint on January 25, 2021.  He narrowed his claims to
violations of the First Amendment and Due Process under
42 U.S.C. § 1983, violations of the Pennsylvania Whistleblower
Law, and conspiracy.  He added--for the first time--defendants
with the Philadelphia Police Department: Commissioner Danielle
Outlaw, Deputy Commissioner Christine Coulter, Chief Inspector
Dennis Wilson, Deputy Commissioner Benjamin Naish, Inspector

-4-

D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick
Quinn.  He no longer asserted any claims against the
Philadelphia District Attorney's Office.  Plaintiff added
allegations that defendants retaliated against him for
initiating this suit by, among other conduct, issuing
professional disciplinary charges against him.

Plaintiff twice more amended his complaint on January
26, 2021 and February 25, 2021, both times without leave and in
violation of Rule 15(a) of the Federal Rules of Civil Procedure.
The court granted defendants' motion to dismiss plaintiff's
federal law claims in his fourth amended complaint for failure
to state a claim under Rule 12(b)(6).  See Jacobs v. City of
Philadelphia, No. CV 19-4616, 2021 WL 2456515, at *12 (E.D. Pa.
June 16, 2021).  The court also declined to exercise
supplemental jurisdiction over his Pennsylvania Whistleblower
Law claims.  Id.  Our Court of Appeals vacated and remanded
plaintiff's First Amendment retaliation claims and conspiracy
claims against Tripp, Hendershot, Wilson, and Pace as well as
his Pennsylvania Whistleblower Law claims.  See Jacobs v. City
of Philadelphia, No. 21-2314, 2022 WL 1772989 (3d Cir. June 1,
2022).  The Court affirmed the dismissal of plaintiff's
remaining claims.  Id.

After this second appeal in plaintiff's first action,
the court ordered plaintiff to file a fifth amended complaint to

identify the specific defendants he alleged to have violated the
Pennsylvania Whistleblower Law.  In doing so, he included four
new defendants:  Assistant District Attorney Patricia Cummings,
Philadelphia Law Department attorney Kia Ghee, Police Inspector
Francis Healy, and Police Chief Inspector Frank Vanore.  The
court thereafter granted defendants' motion to dismiss
plaintiff's claims under Pennsylvania Whistleblower Law.  See
Jacobs, No. CV 19-4616, 2022 WL 11804030, at *6.  As a result,
the remaining claims in plaintiff's first action are his First
Amendment retaliation claims and Section 1983 conspiracy claims
against Tripp, Hendershot, Wilson, and Pace.

In this pending second action, plaintiff asserts five
claims:  (1) First Amendment malicious prosecution; (2)
intentional infliction of emotional distress; (3) conspiracy;
(4) violations of Pennsylvania Whistleblower Law; and (5)
violations of his Fourteenth Amendment Due Process rights.  The
defendants are the City of Philadelphia, Philadelphia Police
Department[3], Philadelphia District Attorney's Office,
Philadelphia District Attorney Lawrence Krasner, Philadelphia
Assistant District Attorney Tracey Tripp, and various members of

---

3.  Although plaintiff names the Philadelphia Police Department
as a new defendant in this suit, it may not be sued separately
and is effectively the same entity as the City of Philadelphia.
See Tate v. City of Philadelphia, Civ. A. No. 13-5404, 2015 WL
437432, at *4 (E.D. Pa. Feb. 3, 2015).  See also 53 Pa. Cons.
Stat. § 16257.

the Philadelphia Police Department: Commissioner Danielle Outlaw, Deputy Commissioner Christine Coulter, Deputy Commissioner Benjamin Naish, Chief Inspector Dennis Wilson, Inspector D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick Quinn.  All the defendants except the Philadelphia Police Department were named at one time or another in the first action.

There are two purported differences between this and his first action.  In his second action, plaintiff:  (1) adds a claim under Pennsylvania law for intentional infliction of emotional distress; and (2) restyles his First Amendment retaliation claim as a "malicious prosecution" cause of action.

III

Defendants argue that plaintiff's second complaint should be dismissed as duplicative.  A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977).  "As part of its general power to administer its docket, a district court may dismiss a duplicative complaint."  Fabics v. City of New Brunswick, 629 F. App'x 196, 198 (3d Cir. 2015) (quotation marks omitted).  The successive complaint does not need to be identical to the first to be dismissed.  A district court must

> carefully insure[] that the plaintiff does
> not use the tactic of filing two
> substantially identical complaints to expand
> the procedural rights he would have
> otherwise enjoyed. In particular, the court
> must insure that the plaintiff does not use
> the incorrect procedure of filing
> duplicative complaints for the purpose of
> circumventing the rules pertaining to the
> amendment of complaints . . . .

Walton, 563 F.2d at 71.

As noted above, plaintiff raised three claims which are identical in both his first and second actions against the City of Philadelphia, the Philadelphia District Attorney's Office and the following individuals:  Krasner, Tripp, Outlaw, Coulter, Naish, Wilson, Pace, Hendershot, and Quinn.  The claims are:  (1) Fourteenth Amendment due process violations; (2) Section 1983 conspiracy; and (3) Pennsylvania Whistleblower Law violations.  These claims involve "the same subject matter at the same time in the same court and against the same defendant[s]."  Id. at 70.  They will be dismissed as duplicative.

The remaining two claims in plaintiff's second action--his First Amendment malicious prosecution and intentional infliction of emotional distress claims--are also duplicative.  These claims arise from the same underlying factual allegations related to plaintiff's reporting of possible

prosecutorial misconduct and subsequent retaliatory conduct by defendants as in his first action.

Plaintiff amended his complaint in his first action four times, twice without leave and in violation of Rule 15(a) of the Federal Rules of Civil Procedure.  The court had been extremely liberal in allowing plaintiff to amend his complaint. As a result, plaintiff had ample opportunity in his first action to include all claims related to his reporting of prosecutorial misconduct and defendants alleged retaliation against him. After plaintiff's fourth amended complaint, the court refused to grant him leave "to amend the complaint for a fifth time as further leave to amend would be prejudicial to defendants' continued effort to defend against this action."  Jacobs, No. CV 19-4616, 2021 WL 2456515, at *3.

The court, after remand from the Court of Appeals, did allow plaintiff to file a fifth amended complaint limited to his Pennsylvania Whistleblower Law claim.  The court denied plaintiff leave to file a sixth amended complaint three times thereafter because it was no longer in the interest of justice to allow further amendments.  Plaintiff's second action appears to be an effort to evade the court's orders.  However, plaintiff cannot "circumvent[] the rules pertaining to the amendment of complaints" by "filing two substantially identical complaints to

expand the procedural rights he would have otherwise enjoyed."

Walton, 563 F.2d at 71.

Accordingly, the court will dismiss this second action as duplicative.[4]

_____

4.   The court need not reach the issue of whether plaintiff's second action is also barred by claim preclusion.

-10-